# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Clarence E. Crittendon,           ) | Civil Action No. 8:21-cv-1671-RMG |
| )  | |
| Plaintiff,    )  | |
| )  | |
| v.               )  | |
| )  | |
| Michael Bragg, *Food Service Director*,   )  | **ORDER** |
| )  | |
| Defendant.   )  | |
| _____ ) | |

Before the Court is the Report & Recommendation ("R&R") of the Magistrate Judge recommending that this action be dismissed for lack of prosecution. (Dkt. No. 37). For the reasons set forth below, the Court adopts the R&R as the order of this Court and dismisses this action pursuant to Fed. R. Civ. P. 41(b).

As detailed in the R&R, Plaintiff, proceeding *pro se*, brought this case pursuant to 42 U.S.C. § 1983. Defendant moved for summary judgment on April 8, 2022 and the Court issued a *Roseboro* order advising Plaintiff of the summary judgment/dismissal procedure and the consequences if he failed to adequately respond. (Dkt. No. 27). The Court then extended the time for which Plaintiff could reply to Defendant's motion. (Dkt. No. 30) (granting Plaintiff until June 7, 2022 to respond to Defendant's motion for summary judgment). On June 13, 2022, Plaintiff filed a motion for extension of time and to appoint counsel. (Dkt. No. 33). The next day the Court denied the motion to appoint counsel but extended the response deadline to July 5, 2022 and again warned Plaintiff that his failure to respond could subject this action to dismissal for failure to prosecute under Rule 41. (Dkt. No. 34). To date Plaintiff has not filed a response to Defendant's motion.

1

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff did not file objections to the R&R, it is reviewed for clear error.

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded, under the pertinent case law, that Plaintiff's case should be dismissed pursuant to Rule 41(b) for failure to prosecute and failure to comply with the Court's orders. *See* (Dkt. No. 37 at 2-3); *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982).

Accordingly, the Court adopts the R&R (Dkt. No. 37) as the order of the Court and dismisses this action pursuant to Fed. R. Civ. P. 41(b).

**AND IT IS SO ORDERED**.

                                                                    s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

August 10, 2022
Charleston, South Carolina